RANDOLPH, Senior Circuit Judge,
concurring:
I continue to believe that whenever a reviewing court finds an administrative rule or order unlawful, the Administrative Procedure Act requires the court to vacate the agency’s action. Checkosky v. SEC, 23 F.3d 452, 491 (D.C.Cir.1994) (separate opinion of Randolph, J.).
Section 706(2)(A) of the APA could not be clearer: a court faced with an arbitrary and capricious agency rule or order “shall hold unlawful and set aside” that agency action. “Set aside” means vacate, according to the dictionaries and the common understanding of judges, to whom the provision is addressed. And “shall” means “must.” I see no play in the joints.[1] The APA itself contains no exception, which is why arbitrary, capricious, or otherwise unlawful agency action must be set aside “[i]n all cases.” Citizens to Preserve Oveton Park, Inc. v. Volpe, 401 U.S. 402, 413-14, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). It is also why this court has repeatedly cited § 706(2)(A) in recognition that it “must”— not may — set aside such illegal agency action.[2]
*11 It is true that occasionally our court has remanded invalid rules without vacating them. But none of those decisions made even the slightest attempt to square the remand-only disposition with § 706(2)(A). Remanding without vacating often seems to occur without analysis and, perhaps, inadvertently. We traditionally sign off opinions with “So ordered” or “Affirmed” or “Dismissed” or even occasionally “Reversed,” always in italics, flush right. Sometimes, I suspect, not much attention is paid to the large difference between “Remanded” and “Vacated and remanded.”
The opinion in Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission at least identified some factors that might make vacating a rule more or less attractive. 988 F.2d 146, 150-51 (D.C.Cir.1993). But the relatively few cases attempting to apply Allied-Signal are difficult to reconcile. See Kristina Daugirdas, Note, Evaluating Remand Without Vacatur: A New Judicial Remedy for Defective Agency Rulemakings, 80 N.Y.U. L. Rev. 278, 293-97 (2005). And like other remand-only decisions, Allied-Signal failed to parse the language of § 706(2)(A).
It is easy to postulate cases in which vacating an agency rule or order might have dire consequences. But the prospect is not a reason to disregard the command of § 706(2)(A). As I explained in NRDC v. EPA 489 F.3d 1250, 1263 (D.C.Cir.2007) (concurring opinion), the losing agency may always file a post-decision motion for a stay of the mandate showing why its unlawful rule or order should continue to govern until proceedings on remand are completed. See D.C.Cir. R. 41(a)(2); Friends of the Earth, Inc. v. EPA 446 F.3d 140, 148 (D.C.Cir.2006); Cement Kiln Recycling Coalition v. EPA 255 F.3d 855, 872 (D.C.Cir.2001); U.S. Tel. Ass’n v. FCC, 188 F.3d 521, 531 (D.C.Cir.1999). This approach has several advantages over remand without vacatur.
For one, it preserves the adversarial process. The briefs of the parties rarely discuss what remedy the court should impose if the agency loses. This is understandable. “It may be impossible for petitioners, agencies, or intervenors to anticipate exactly how the court’s decision will come out. There may be challenges to many rules or many aspects of one rule. The court may uphold some and reject others. Different consequences can result from different combinations. Besides, agencies do not relish anticipating a loss. No litigant does. To require the parties to address the subject in each case would waste their time and the court’s in all cases in which the agency prevails.... The upshot is that remand-only decisions are being made without sufficient information, which is one of the main reasons the cases are so difficult to reconcile.” NRDC v. EPA 489 F.3d at 1263 (Randolph, J., concurring).
By contrast, post-decision stay motions allow the court to hear from all parties before deciding whether to allow the unlawful rule to remain in place. Our decisions on stay motions are likely to be far more consistent than our decisions to remand without vacating because we will be applying familiar and longstanding principles — that is, irreparable harm, likelihood of success, prejudice, and the public interest.
*12 In addition, a stay with reasonable time limits gives the agency an incentive to avoid unnecessary or prejudicial delay. A remand-only disposition leaves the unlawful rule in place and allows agencies to postpone responding to the court’s merits decision. Agencies do not necessarily give remand-only decisions high priority and may delay action for lengthy periods. See Daugirdas, supra, at 302-04.
Motions for stays also properly allocate the burdens among the parties. The losing party — the agency — would have the burden of convincing the court that the unlawful regulation should continue to govern the winning party while the agency responds to the court’s ruling.
I would therefore treat § 706(2)(A) as mandatory rather than discretionary and would vacate without evaluating the factors mentioned in the majority opinion.

. One commentator, relying on Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944), argues for a different interpretation of § 706(2)(A). Ronald M. Levin, "Vacation " at Sea: Judicial Remedies and Equitable Discretion in Administrative Law, 53 Duke L J. 291, 310-11 (2003). The statute in Hecht provided that upon a showing of a violation of the act, an injunction "or other order” shall be granted. 321 U.S. at 321-22, 64 S.Ct. 587. The Court construed this as not requiring an injunction. "Other order” could, the Court said, be an order just keeping the case on the docket. Id. at 328, 64 S.Ct. 587. As part of its reasoning the Court invoked the background of several centuries of equity practice, and the "historic” office of the injunction. To make injunctions mandatory would be a departure from this long history. Id. at 329-30, 64 S.Ct. 587.
There are several reasons why I do not think the argument based on Hecht carries the day. In the first place, the premise of the argument is shaky at best. Unlike the situation in Hecht, judicial review of agency rule-making is not a traditional proceeding in equity. Nor do I believe that a challenge to an agency rule in an enforcement action seeking a fine or a penalty is in the nature of an action in equity.
Furthermore, the Hecht canon — if it is that — does not preserve a court's remedial discretion even in injunction actions if Congress has limited the discretion in clear terms. See Miller v. French, 530 U.S. 327, 340-41, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000). To my mind, § 706(2)(A) is stated in clear terms. The statute in Hecht, on the other hand, did not clearly limit judicial discretion; in fact, it clearly contemplated that courts would issue "other order[s]” besides injunctions. Hecht, 321 U.S. at 328, 64 S.Ct. 587.

. See, e.g., Owner-Operator Ind. Drivers Ass’n, Inc. v. Fed. Motor Carrier Safety Admin., 494 F.3d 188, 198 (D.C.Cir.2007); Am. Fed’n of Gov’t Employees, AFL-CIO, Local 446 v. Nicholson, 475 F.3d 341, 354 (D.C.Cir.2007); Williams Gas Processing-Gulf Coast Co. v. FERC, 475 F.3d 319, 326 (D.C.Cir.2006); Exxon Mobil Corp. v. FERC, 430 F.3d 1166, 1172 (D.C.Cir.2005); Southern Co. Servs., Inc. v. FERC, 416 F.3d 39, 46-47 (D.C.Cir.2005); Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1256 (D.C.Cir.2005); Tourus Records, Inc. v. DEA, 259 F.3d 731, 736 (D.C.Cir.2001); D & F Afonso Realty Trust v. Garvey, 216 F.3d 1191, 1194-95 (D.C.Cir.2000); Bell Atl. Tel. Cos. v. FCC, 206 F.3d 1, 8 (D.C.Cir.2000); BellSouth Corp. v. FCC, 162 F.3d *11 1215, 1221-22 (D.C.Cir.1999); Exxon Co., USA v. FERC, 182 F.3d 30, 37 (D.C.Cir.1999); AT & T Corp. v. FCC, 86 F.3d 242, 247 (D.C.Cir.1996); Mobile Commc'ns Corp. of Am. v. FCC, 77 F.3d 1399, 1408 (D.C.Cir. 1996); Steel Mfrs. Ass'n v. EPA, 27 F.3d 642, 646 (D.C.Cir.1994); see also Checkosky, 23 F.3d at 492 n. 35 (listing numerous pre-1994 cases).